The document below is hereby signed.

Signed: January 05, 2011.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
            UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF COLUMBIA
```

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ALICE LOUISE MORTON and | ) | Case No. 81-00275 |
| SIMON WILLIAM WALKER, | ) | (Chapter 7) |
| | ) | **Not for Publication in** |
| Debtors. | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER
RE APPLICATION FOR RELEASE OF UNCLAIMED FUNDS

The Application for Release of Unclaimed Funds filed by "Bank of America, N.A. dba Security Pacific National Bank" filed on November 24, 2010, includes a certification that "the claim of the creditor has not been satisfied from other sources, and the amount of the claim that remains unpaid is equal to or exceeds the amount of the unclaimed funds," but includes no backup materials for that statement.

This is a 1981 case. The trustee unclaimed funds were deposited in 1991, almost two decades ago. We know that the check issued by the trustee to Security Pacific National Bank went uncashed, but the Application sets forth no reason why the check went uncashed.

The creditor could have received payment of the debt by the

date the check went uncashed (which would explain why the check was not cashed) or by a later date: it could have received payment of the creditor's claim from some co-debtor; the debtors could have voluntarily repaid the debt; and the creditor could have enforced a lien or a right of setoff.

Nor do we have any indication, after these many years, how the certification could be made that the debt remains unpaid. Does the creditor have records at this date showing that the debt was never paid? If it has no such records, how can anyone certify that the debt was never paid? It is thus

ORDERED that within 35 days after entry of this order, the applicant shall supplement its Application by filing a declaration executed under penalty of perjury that sets forth to the best of the declarant's ability why the check from the trustee went uncashed and that attaches the latest account records showing that the claim remains unpaid (or an explanation of how the declarant knows that the claim remains unpaid even though account records are unavailable).

[Signed and dated above.]

Copies to:

Lorin W. Tate
6 Victoria Crossing Court
Gaithersburg, MD 20877-1806

Karen H. Polk
Corporate Accounts Payable
Bank of America, NC1 021-03 40
401 North Tryon Street
Charlotte, NC 28255